## Case No. 9,992.

### MYERS v. The HARRIET.

[19 Hunt. Mer. Mag. 535.]

District Court, E. D. Pennsylvania. July 28, 1848.

SHIPPING—GENERAL AVERAGE — FREIGHT — SALE OF CARGO TO REPAIR SHIP—SHIPPER'S DAMAGES.

[1. General average for repairs to the vessel are not allowed as against the cargo except where the vessel goes to a port of necessity from which the voyage is afterwards resumed; hence, where the cargo was sold in a port of refuge to obtain funds for repairing the vessel, there is no right to contribution.]

[2. Where a vessel after sustaining injury in a storm, puts into a port of refuge, and the master, without attempting to obtain funds by hypothecation of the vessel or other maritime contract, sells the cargo and uses part of the proceeds for making repairs, such sale must be considered to be without justification or excuse, it appearing that half the amount brought by the cargo would be sufficient to make the repairs.]

[3. In such case the shipper's damages are to be measured by the value of the cargo at the place of shipment. together with all expenses and interest from the time of shipment. If libelant claims more than this or respondent asks to be discharged for less, they must clearly show what would have been the value of the goods at their destination.]

This case involves principles of great importance to the mercantile community. The Harriet sailed from Norfolk on the 27th of November, 1847, bound to Point a Petre, Guadaloupe. She was loaded with staves, shipped by Myers & Co. to Carron & Bonaffe, of Guadaloupe. She met with very heavy, tempestuous weather, which damaged the vessel and rendered it impossible to continue the voyage without repairs. She therefore put into Kingston, Jamaica, where she arrived December 25th. On survey it was found that the upper works of the vessel were considerably strained. and that they needed repairs. These were made under the orders of the captain, and in order to pay for them, he took the responsibility of selling the cargo, and returned with the vessel in ballast to the United States. The vessel has now been libelled by the shipper and consignee for a breach of contract and of affreightment and they ask for a decree for the value of the goods at the point of shipment with interest from the time of sailing. The defendant does not deny a liability for the value of the cargo, but claims that the goods shall be charged with general average for the expenses from the time of the enforced deviation. and also the freight. He also contends, in the second place, that he is only liable for the net proceeds of the cargo at Kingston.

OPINION OF THE COURT. General average is not allowed except when the vessel went to a port of necessity, from which its voyage was afterwards resumed.

2. That freight is not earned if the voyage is abandoned by the delict of the ship or master.

3. The captain was not justified in making sale of the cargo at Kingston. It does not appear that he made any exertion to obtain funds by the hypothecation of the vessel or by any maritime contract. (In order to justify a sale of the cargo, the necessity must be absolute and unequivocal or the sale is a tort. The captain sold the cargo, not only to pay the repairs, but because he had determined the voyage should be broken up. It appears that one-half of the amount brought by the cargo would have been sufficient to pay all the repairs—even if such a course were allowable. The sale was without excuse. The

cargo was not perishable, and the master has no right to dispose of the property of the shipper for the sole benefit of the shipowner. The goods appear to have been disposed of solely for the benefit of the transporter. The rule is, where the sale of the cargo is allowable, that no more shall be sold than is necessary, so that the remainder may be carried to its place of destination by another vessel.

4. The rule determining the amount of damages is the value of the cargo at the place of shipment, all expenses and interest from the time of shipment. If the libelant claims more than this, or the defendant asks to be charged less, they must clearly and unequivocally show that the goods would, at the place of destination, bring the amount claimed to be the proper value.

Decree for libelants.

It is referred to the commissioner to ascertain the amount.

The defendant afterwards obtained leave to appeal to the circuit court.